UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE: §
§
INTERNATIONAL FILTER § CASE NO. 10-51383C
SOLUTIONS, INC. §
§
   Debtor §

# MOTION FOR RELIEF FROM STAY AGAINST PROPERTY

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **BROADWAY NATIONAL BANK**, Movant, and files this Motion For Relief From Stay Against Property and in support thereof respectfully represents the following:

I.

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. §§ 361 and 362.

II.

The parties to this proceeding are the following:

A.     Broadway National Bank, Movant herein;

B. International Filter Solutions, Inc. is the Debtor in this Chapter 7 case and has already made its appearance in this action; and

C. Randolph N. Osherow is the Trustee in this case.

III.

Movant complains of a default in payment of Debtor's loan agreement dated January 30, 2009, secured by Security Agreement of even date and recordation of Movant's lien with the Secretary of State. Debtor executed Security Agreement to secure the loan against the following:

- Blanket lien on any and all business assets including inventory, account receivables and equipment, whether any of the foregoing is owned now or acquired later, all accessions, additions, replacements, and substitutions relating to any of the foregoing, all records of any kind relating to any of the foregoing, all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

Debtor executed the loan in favor of BROADWAY NATIONAL BANK, secured by Security Agreement pledging receivables, inventory, equipment and all other personal property of the Debtor. The sum of $96,114.80 is due.

IV.

The Debtor has failed to make the required Note payments to Movant and is in default under the above described Agreement.

It is the contention of Movant that a complete default has occurred in the payment of this obligation secured by the above described property. As a consequence, Movant is left without adequate protection of its security during the pendency of this proceeding, and pursuant to 11 U.S.C. § 361, 362(d)(1) or, alternatively, 11 U.S.C. § 362(d)(2), Movant respectfully moves the Court to grant it the following relief:

(a) To lift the stay against the above described property;

(b) To permit Movant to proceed with its contractual and statutory remedies for non-payment of such debt, including foreclosure of its liens;

(c) To provide Movant with such other and further relief, both at law or in equity, to which it may show itself justly entitled; and

(d) To award Movant its reasonable and necessary attorney's fees for the bringing of this Motion, in an amount of at least $1,000.00.

PREMISES CONSIDERED, Movant prays for relief from the stay and such other and further relief to which Movant may be entitled.

Respectfully submitted,

CLEMENS & SPENCER
112 East Pecan, Suite 1300
San Antonio, Texas 78205
(210) 227-7121
(210) 227-0732 Fax

*/s/ James A. Hoffman*

_____
JAMES A. HOFFMAN
State Bar No. 09781725
**ATTORNEY FOR BROADWAY
 NATIONAL BANK**

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was served by United States First Class Mail, postage prepaid, upon the Debtor, Debtor's attorney listed below, and electronically to all PACER participants, in accordance with the Federal Rules of Bankruptcy Procedure on this 13th day of May, 2010.

**DEBTOR(S):**
International Filter Solutions, Inc.
13636 W IH 10
Marion, TX  78124

**DEBTOR(S) ATTORNEY:**
Chance M. McGhee
Davis Law Firm
909 NE Loop 410, Ste. 100
San Antonio, Texas  78209

**TRUSTEE:**
Randolph N. Osherow
342 W. Woodlawn #100
San Antonio, Texas 78212

|s| *James A. Hoffman*

_____
James A. Hoffman